UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK,<br><br>    Plaintiff,<br><br>  v.<br><br>MEDICAL BOARD OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 22-cv-06174-JSC<br><br>**ORDER OF DISMISSAL; GRANTING MOTION TO AMEND; DENYING MOTION FOR RECUSAL AND MOTION TO REMAIN UNDER SUBMISSION**<br><br>Re: Dkt. Nos. 5, 8, 9 |

**INTRODUCTION**

Plaintiff Loureece Stone Clark, a detainee at Napa State Hospital ("NSH") who is proceeding without an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Medical Board of California and three individuals, Beth Schluter Jordan, Kristina Daniel Lawson, and Omri Berger.[1]  (ECF No. 1 at 2.)  In an approximately six-month period, Plaintiff filed 12 cases in this court.[2]  Plaintiff has been granted leave to proceed in forma pauperis ("IFP") in a separate order.

For the reasons explained below, the case is DISMISSED.  Plaintiff's motions are also addressed below.

---

[1] Plaintiff indicates that Defendant Jordan is located in the Marin County courthouse (ECF No. 1 at 2), and in a subsequent filing, he states that she is a judge (ECF No. 5).  Plaintiff does not indicate what governmental roles, if any, Defendants Lawson and Berger occupy.

[2] *See Clark v. Goldstein, et al.*, No. C 22-2962 JSC; *Clark v. Bay City Auto, et al.*, No. C 22-4066 JSC; *Clark v. Internal Affairs Dep't. of Marin County Sherriff Dep't., et al.*, No. C 22-4972 JSC; *Clark v. Marin County District Attorney, et al.*, No. C 22-5557 JSC; *Clark v. Board of Equalization*, No. C 22-6169 JSC; *Clark v. Supervisors for Marin County*, No. C 22-6173 JSC; *Clark v. Ahern, et al.*, No. C 22-6171 JSC; *Clark v. Commission on Judicial Performance, et al.*, No. C 22-6204 JSC; *Clark v. Alameda Cty. Dep't. of Child Protected Services, et al.*, No. C 22-6172 JSC; *Clark v. Global Tel\*Link Corp., et al.*, No. C 22-6170 JSC;  *Clark v. Marin County Sherriff's Dep't., et al.*, No. C 22-7295 JSC.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties who are not represented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff has filed a motion to amend the complaint. (ECF No. 8.) The original complaint set forth a "complaint" and "relief" that Plaintiff now wishes to replace. (ECF No. 1 at ; No. 8 at 1-2.) Plaintiff's motion is granted because he may amend his complaint once "as a matter of

2

1   course." *See* Fed. R. Civ. P. 15(a)(1)(A). As a result, the "complaint" and "relief" in the original

2   complaint (ECF No. 1 at 1, 3) is replaced by the new "complaint" and "relief" set forth in the

3   motion to amend (ECF No. 8 at 1-2). Plaintiff does not seek to change the "statement of claim" in

4   his original complaint, which states:

> The respondents['] false claim as a third party interloper not in compliance with UCC 1-308/1-207 without prejudice and willful failure to honor, COMPLAINT and SECOND NOTICE without prejudice placing the Respondent(s) in default. The Respondent(s) failure, refusal or neglect in the presentment of a verified response constitutes the Respondent(s) failure to perform in good faith, acquiescence, and tacit agreement with all terms, conditions and stipulations set forth and a completion of an administrative process. Therefore this matter is deemed res judicata and stare decisis.

10  (ECF No. 1 at 2-3.)

11  There are two problems with the complaint. First, Plaintiff's claim is incomprehensible. A

12  claim that is totally incomprehensible is frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th

13  Cir. 1989); *cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it is premised

14  on an indisputably meritless legal theory or is clearly lacking any factual basis). The alleged

15  "false claim" is unexplained, as are the terms "third party interloper" and "UCC 1-308/1-207."

16  (ECF No. 1 at 2.) The allegation that Defendant's "willful failure to honor, COMPLAINT AND

17  SECOND NOTICE without prejudice placing the Respondent(s) in default" is incomprehensible.

18  (*Id.*) In addition, Plaintiff does not explain what Defendants failed to present a "verified response"

19  to, what Defendants failed to "perform in good faith," what "terms" and "conditions" applied to

20  Defendants, or what "administrative process" was completed by whom. (*Id.*) Plaintiff also cites

21  the legal doctrines of "res judicata" and "stare decisis" without any explanation for how such

22  doctrines apply to his case. Because the claim is incomprehensible, it must be dismissed as

23  frivolous.

24  Second, Defendant the Medical Board of California is a state government agency and is

25  immune from suit in federal court. The Eleventh Amendment bars from the federal courts suits

26  against a state or state agencies by its own citizens, citizens of another state or citizens or subjects

27  of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985); *see, e.g.,*

28  *Fortson v. Los Angeles City Atty's Office*, 852 F.3d 1190, 1192 (9th Cir. 2017) (Calif. Bureau of

United States District Court
Northern District of California

Firearms entitled to 11th Amendment immunity); *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity). Therefore, Plaintiff cannot sue the Medical Board of California in federal court.

In any event, because the complaint is incomprehensible, the Court cannot discern how it could be cured by amendment. *Cf. Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave need to amend need not be granted where it constitutes an exercise in futility). Accordingly, the case is dismissed without leave to amend.

Plaintiff has filed a motion to recuse Defendant Judge Jordan from what appear to be criminal court proceedings. (ECF No. 5.) This Court does not have the power to recuse a judge in a different case in another court.

## CONCLUSION

For the reasons explained above, this case is DISMISSED without leave to amend. The motion to amend is GRANTED. The "motion" to notify the Court that the complaint is under submission is DENIED as unnecessary. The motion to recuse Defendant Jordan is DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 18, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge